June 17, 2024

Akira Thomas

840 W Imperial Hwy #110

Los Angeles, Ca 90044

**Master Case Number: 1F-741-0127-24**



**Complainant's Appeal Decision Response**

Akira D. Thomas Louis Dejoy, Postmaster General, USPS

2:24-cv-05357-PSG-Ex

**Dismissal issues**

1. Any claims that were raised by myself on December 19, 2023, I did withdraw because those claims were added to another ongoing formal case which I was informed at mediation.
2. Claim 2 on April 8, 2024, should not be dismissed because it falls in the staining statutes of retaliation from the employer. USPS management in particular the manager MDO Johnson should have not been at my hearing with Edd as it did not pertain to her and the employer USPS has already hired a company by the name of employer's edge to report to EDD hearings Angela Johnson should have not been at that hearing. For example, her name did not appear on my appeal documents. I should have never had to appeal to a higher judge regarding unemployment compensation after I was fired in December of 2023. I would like this allegation of retaliation to further be investigated as ongoing retaliation and harassment after I was fired.

**Chronology**

**I have filed all necessary documents within the time limits accepted.**


**Analysis and Conclusion**

I believe I have sustained an injury on the job that could have been prevented by management if they had proper reflective mirrors and direction for their equipment drivers I would have never sustained an injury that has caused so much excessive damage over time it has caused me to lose my job. I have suffered numerous attacks by management or people that represent the United states Postal Service and has extended my time of getting

June 17, 2024

proper assistance. All this has transpired because I have a complaint against management addressing all of the issues that I have sustained since my injury and that has affected my livelihood. What has transpired with me and The management of United States Postal Service should not have been accepted.

\* EDD   Employment Development Department

June 25, 2024

*[signature]*

National EEO Investigative Services Office


UNITED STATES
POSTAL SERVICE

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY
## IN THE MATTER OF:

AKIRA D. THOMAS
3840 W IMPERIAL HWY APT #110
LOS ANGELES, CA 90044-4113
Complainant,

Delivery Confirmation Complainant:
9114 9023 0722 4102 9933 32

V

LOUIS DEJOY
Postmaster General
United States Postal Service
Western Processing Area
Agency.

Agency Case Number: **1F-741-0127-24**

Date Formal Filed: May 2, 2024

## DISMISSAL OF FORMAL EEO COMPLAINT

The agency acknowledges the receipt of the formal complaint of discrimination referenced above. Enclosed is PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report. This is the Postal Service's final decision on the above-cited discrimination complaint.

Specific Issue(s):[1] You allege you were subjected to discrimination based on Race (African American), Color (Black), Sex (Female), Retaliation (Prior EEO Activity) and Disability (Mental/Major Depressive Disorder and Physical/Elbow-Right Knee-Left Shoulder) when:

1) On December 19, 2023, you alleged management appeared in person to your unemployment hearing with the Department of Labor (DOL) Office of Workers Compensation Programs (OWCP).

2) On April 8, 2024, you alleged management provided incorrect information during your unemployment hearing with the Department of Labor (DOL) Office of Workers Compensation Programs (OWCP) and subsequently, your unemployment claim was denied.

---

[1] It is noted you withdraw the claim regarding the issuance of the Notice of Removal dated on or about December 19, 2023, on PS Form 2564-C.

P.O. Box 21979
Tampa, FL 33622-1979

- 2 -

## Chronology

The record reflects that you requested pre-complaint processing on February 1, 2024, and you were issued a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) on April 25, 2024. Subsequently, on May 2, 2024, you filed a formal complaint of discrimination with the agency.

## Analysis and Conclusion

### ALL CLAIMS

Generally, to be aggrieved, you must demonstrate that you suffered an injury, and that the agency's allegedly unlawful conduct caused that injury. Additionally, you must identify a causal connection between the challenged conduct and the injury and must show that there is a substantial likelihood that the relief requested will redress the injury which you allegedly have suffered. Stated another way, unless you have suffered a direct and personal deprivation at the hands of the agency, you cannot properly be considered a "person aggrieved" under the Commission's regulations and thus you are without standing to file a charge. The central issue is whether you can demonstrate the incidence of an actual personal loss or harm and you would personally benefit in a tangible way from a remedy available through the EEO complaint process.

Pursuant to 29 C.F.R. § 1614.107(a) (1), the agency has the right to dismiss a complaint if you fail to state a claim under Sections 1614.103 or 1614.106(a). Specifically, those sections of the Equal Employment Opportunity Commission (EEOC) Regulations provide for the processing of complaints of discrimination filed with the agency that allegedly discriminated against you when the aggrieved individual alleges discrimination based on factors prohibited by Title VII. Inherent in these regulations is the requirement that the complaining party alleges that he is an aggrieved person who was injured because of an agency action or lack of action.

The Commission has previously held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. *Kleinman v. U.S. Postal Service*, EEOC Request No. 05940585 (September 22, 1994); *Lingad v. U.S. Postal Service*, EEOC Request No. 05930106 (June 24, 1993).

The proper forum for you to raise challenges to actions which occur during the unemployment compensation process is within that process itself. It is inappropriate now for you to use the EEO process to collaterally attack the OWCP process. See, *Fontaine v. U.S. Postal Service*, EEOC Appeal No. 0120093042 (January 4, 2010)

The proper forum for you to raise your challenges to actions which occurred during the unemployment insurance application process is within that proceeding itself.

- 3 -

It is inappropriate to attempt to use the EEO process to collaterally attack actions which occurred during the above process. See, *Shack v. Department of Defense (Defense Commissary Agency)*, EEOC Appeal No. 0120091853 (April 29, 2010)

Therefore, your claim as cited above is now **dismissed** as failing to state a due to lodging a collateral attack on the proceedings of another forum; specifically, the U. S. Department of Labor Office of Workers Compensation Programs in accordance with 29 C.F.R. 1614.107(a) (1).

## Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of this action.

You may file your appeal by several alternative methods. You may use the EEOC's Public Portal located at https://publicportal.eeoc.gov/ where you can also upload selected documents, and manage your personal and representative information. You may also mail the appeal to the Director, Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 77960, Washington, DC 20013-8960 or submit by facsimile to (202) 663-7022. If you elect to file an appeal by mail or fax, you must use EEOC Appeal Form 573, a copy of which is enclosed.

Any supporting statement or brief must be submitted to the EEOC within **30 calendar days of filing the appeal**. If you use EEOC's Public Portal to file an appeal or submit a brief, you do not need to serve the agency, if you mail or fax the request for an appeal, you must also submit a copy of the appeal or brief to the agency's designated office: National EEO Investigative Services Office USPS, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC if you have not received a notice of final action on your appeal.

- 4 -

### Right to file a civil action

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision.

If you choose to file a civil action, that action should be captioned **Franklin Rupert vs. Louis DeJoy, Postmaster General, U.S. Postal Service**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

*Prethenia Johnson*　　　　　　　　　　　May 28, 2024
Prethenia Johnson　　　　　　　　　　　　Date
EEO Services Analyst

Enclosures:  PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report
　　　　　　EEOC Form 573, Notice of Appeal/Petition

| U.S. Postal Service<br>**EEO Dispute Resolution Specialist's (DRS) Inquiry Report** | Case No.<br>1F-741-0127-24 |
|---|---|

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

### Complainant

| Name (Last, First, MI)<br>**Thomas, Akira, D** | | SSN or EIN<br>**04481336** | |
|---|---|---|---|
| Home Address (No., Street, City, State, ZIP + 4®)<br>840 W Imperial Hwy Los Angeles CA 90044-4113 | | Work Address (Facility Name, No., Street, City, State, ZIP + 4®)<br>International Service Center<br>1 YEAGER WAY BELL GARDENS CA 90205-9998 | |
| Home Telephone No.<br>(310) 642-8542 | Email Address<br>thomasakiraa3@gmail.com | | Office Telephone No.<br>(323) 729-4141 |
| Position Title<br>MAIL HANDLER EQUIPMENT OPERATOR | | Grade Level<br>05 M | Tour<br>Tour 3 | Duty Hours<br>03:00:00 PM- 12:30:00 AM |
| Off Days (For Tour I, record of nights)<br>Saturday, Sunday | | Is EEO Poster 72 on display in Complainant's facility?<br>☒ Yes, verified on date: 11/2018   ☐ No | |
| Preference Eligible<br>☐ Yes  ☒ No | Mixed Case<br>☐ Yes  ☒ No | MSPB Appeal Filed?<br>☐ Yes  ☒ No  If Yes, Date Filed: | |

### Chronology of Informal Process

| Date of Incident<br>April 08, 2024 | Date of Initial Contact with EEO Office<br>February 01, 2024 | Date of Initial Interview<br>February 05, 2024 |
|---|---|---|
| REDRESS™ Overview<br>☒ Yes  ☐ No | ADR Election Form Signed<br>☒ Yes  ☐ No | 60 Day Extension Form Signed<br>☐ Yes  ☒ No  If Yes, Expiration Date: |
| Date Complainant Signed or Received Notice of Right to File: April 25, 2024 | Date DRS Report Requested<br>May 07, 2024 | Date DRS Report Submitted<br>May 17, 2024 |

### Basis for Alleged Discrimination

Check and Particularize Each that Applies

| ☒ 1. Race (Specify): Black, Not of Hispanic Origin | ☐ 7. Age (Specify Date of Birth): |
|---|---|
| ☒ 2. Color (Specify): Black | ☒ 8. Physical Disability (Specify): Left Shoulder, Elbow and Right Knee |
| ☒ 3. Religion (Specify): Other | ☒ 9. Mental Disability (Specify): Major Depressive dissorder |
| ☒ 4. Sex (Specify): Female | ☐ 10. Genetic Information (Specify): |
| ☐ 5. Sex (Specify LGBT): | ☒ 11. Retaliation (Specify Cited Prior EEO Activity): 1F-741-0329-23 |
| ☐ 6. National Origin (Specify): | |

Discrimination Claim(s):
The Counselee alleges discrimination based on the abovementioned factor(s), when:

1. On 4/8/2024, Management reported to the Counselee's unemployment hearing and gave in accurate information which subsequently led to the Counselee's unemployment being denied. The Counselee further claims that management appeared in person to her unemployment as further retaliation for prior EEO participation.

Requested Resolution

The Counselee is requesting:
1. Monetary damages that total 75,000 dollars for lost wages, holidays, and other pay.

PS Form **2570**, October 2015 (Page 1 of 3)

### EEO Alternative Dispute Resolution Specialist's Checklist.

Please check All That Apply.

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* -- an overview of the EEO process in the Postal Service.

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: Dorleatha T Willoughby

Title: MAIL HANDLER                                   Telephone Number: (323) 757-0161

Fax No: _____            Email Address: Dorleatha@yahoo.com

Mailing Address: 11139 S Western Avenue Los Angeles CA 90047

☒ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID

☒ / DID NOT ☐ waive anonymity.

☐ 4. I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☐ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☒ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS ☐ / HAS NOT ☒ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the area NEEOISO-EEO Contact Center and EEOC if the representative's or his/her mailing addresses change.

☐ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

**DRS NOTE:**
1. GATS does not demonstrate a grievance was filed on the matters in this complaint.
2. The Counselee included a PS Form 2564-C to withdraw the claim in this case dated 12/19/2023, regarding Disciplinary Action/Removal. The Counselee explained that the Notice of Removal is a part of a previous case number 1F-741-0329-23.
3. On 2/5/2024, during the Counselee's initial interview she clarified she wanted to remove National Origin as one of the bases of the complaint. ←
4. The Counselee added a claim to the formal filing with the same incident, 4/8/2024 where she explained management attended her unemployment hearing in person as further retaliation for prior EEO activity.

PS Form **2570**, October 2015 *(Page 2 of 3)*

## Alternative Dispute Resolution Specialist's Inquiry

A limited inquiry was conducted on 3/18/2024, and 4/11/2024, with Manager Distribution Operation Angela Johnson and Supervisor Distribution Operation Tyrone Brooks. Ms. Johnson responded for Management and stated she was instructed by Labor Relations to report to the Counselee's unemployment hearing due to lack of staffing in the District's Labor Relations Department. Ms. Johnson stated that during the unemployment hearing the Counselee was asked why she was seeking unemployment and the Counselee responded that the Postal Service reduced her work hours. Ms. Johnson explained to the court that the Counselee had an on-the-job injury, and her medical restrictions only allowed her to work four hours in an eight-hour workday. Ms. Johnson further explained that the Counselee should have been seeking the remaining four hours from the Department of Labor. Ms. Johnson added that she had no authority in getting the Counselee's unemployment denied.

### REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)

| Date of mediation | Disposition |
|---|---|
| April 22, 2024 | ☐ Resolved    ☒ Not Resolved |

### Summary of Final Interview

In that attempts to resolve Counselee's issues were unsuccessful, a Final Interview Letter, PS Forms 2564-C, 2565, and 2579-A were mailed to Counselee on April 23, 2024 via Signature Confirmation Receipt No. 9410830109355000472395. Counselee received this information on April 25, 2024.

See Continuation Page?  ☐ Yes  ☒ No

### Privacy Act Notice

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) |
|---|---|
| 7001 S CENTRAL AVE  LOS ANGELES CA 90052-9998 | 7001 S Central Avenue, Room 210-C  Los Angeles CA 90052-9411 |

| Specialist's Office Telephone No. | Specialist's Office Hours | |
|---|---|---|
| (323) 586-3659 | Monday through Friday 7:30AM-4:00PM | |
| Signature of EEO Dispute Resolution Specialist | Typed Name of EEO Dispute Resolution Specialist | Date |
| *Marisha Satchell* | Marisha R Satchell | 5/17/2024 |

PS Form 2570, October 2015 *(Page 3 of 3)*